## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| CARLOS ENRIQUE GUTIERREZ, | Civil No. 04-2627 (JRT/JSM) |
| Plaintiff, | |
| v. | **ORDER** |
| DR. JAMES GUNDERSON, M.D.D., DR. GEORGE SANTINI, M.D., and MIKE STALKER, | |
| Defendants. | |

Carlos Enrique Gutierrez, #04818-041, Federal Medical Center, PMB 4000, Rochester, MN 55903, plaintiff *pro se*.

Mary J. Madigan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for defendants.

Plaintiff Carlos Gutierrez brings this *Bivens* action alleging violation of his Fifth, Fourteenth, and Eighth Amendment rights related to his receipt of allegedly improper medical care and denial of access to an administrative informal resolution process. Defendants Santini and Stalka moved to dismiss the action due, in part, to plaintiff's failure to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA").[1]  United States Magistrate Judge Janie S. Mayeron issued a

---

[1] Defendant Gunderson has not been served in this case, and therefore has not made an appearance before the Court. Accordingly, the Magistrate Judge's Report and Recommendation does not address the claims against Gunderson. As more than 120 days have passed since the filing of the complaint, the Court will dismiss all claims against defendant Gunderson without

(Footnote continued on next page.)

Report and Recommendation dated August 10, 2005 finding that plaintiff had exhausted his administrative remedies with respect to his claims against defendant Santini, but not with respect to Stalka.[2]  Accordingly, Magistrate Judge Mayeron recommended that the petition be dismissed without prejudice in order to allow plaintiff to either re-file his exhausted claims against Santini or to pursue complete exhaustion of his claim against Stalka before re-filing claims against both Santini and Stalka in this Court.  Defendant Santini objects to the Magistrate Judge's conclusion that plaintiff has exhausted his claims against Santini.  The Court has conducted a *de novo* review of the plaintiff's objection pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. LR 72.1(c)(2).  For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge.[3]

The PLRA requires any prisoner wishing to file an action under § 1983 to first exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a).  As the Magistrate Judge recognized, there is a circuit split regarding the issue of whether

---

(Footnote continued.)

prejudice unless service is effected upon defendant Gunderson within 30 days from the date of this Order.  *See* Fed. R. Civ. P. 4(m).

[2] The Magistrate Judge also noted that plaintiff had exhausted his claims against defendant Gunderson.

[3] The Court notes that on August 31, 2005, plaintiff filed an Amended Complaint asserting claims against defendant Santini only.  The Court appreciates plaintiff's efforts to comply with the Magistrate Judge's Report and Recommendation.  However, as defendant Gunderson has not appeared before the Court, but has not yet been dismissed from the case, he should remain a defendant unless plaintiff is unable to serve him within 30 days from the date of this Order.  Accordingly, plaintiff is directed to file a Second Amended Complaint naming defendants Santini *and* Gunderson.  If the plaintiff is unable to serve Gunderson within the allotted time, Gunderson will then be dismissed from the case by the Court.

untimely pursuit of administrative remedies can suffice to satisfy the exhaustion requirement.  Drawing in part from the procedural default doctrine in habeas corpus cases, the Seventh, Tenth, Third, and Eleventh Circuits have held that failure to pursue and exhaust administrative remedies in a timely fashion, leading to a denial of such remedies on procedural grounds, results in a failure to exhaust and, consequently, the inability to bring any claim before the court.  *See Johnson v. Meadows*, 2005 WL 1718602 (11th Cir. July 26, 2005); *Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004); *Spruill v. Gillis*, 372 F.3d 218 (3rd Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002).  The Sixth and Ninth Circuits have come to the opposite conclusion, noting that while the PLRA mandates that internal processes be given a first opportunity to resolve any complaint, it should not prevent federal courts from being the final arbiter and protector of federal rights, and finding greater guidance in the exhaustion requirements of the ADEA and Title VII, neither of which require timely exhaustion.  *Ngo v. Woodford*, 403 F.3d 620 (9th Cir. 2005); *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003).  The Court agrees with the Magistrate Judge that the reasoning articulated by the Sixth and Ninth Circuits is more persuasive.  For the reasons articulated by the Magistrate Judge, and by the courts in *Ngo* and *Thomas*, the Court adopts the Report and Recommendation of the Magistrate Judge.

### ORDER

Based on the foregoing and all of the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections  [Docket No. 26] and **ADOPTS** the Magistrate Judge's Recommendation [Docket No. 25].  Accordingly, **IT IS HEREBY**

**ORDERED** that defendants Santini's and Stalka's Motion to Dismiss [Document No. 15] is **GRANTED IN PART** with respect to all claims against Stalka and **DENIED IN PART** with respect to all claims against Santini.

**IT IS FURTHER ORDERED** that:

1. Defendant Stalka is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff shall file a Second Amended Complaint naming as defendants Gunderson and Santini.

3. Plaintiff shall serve defendant Gunderson with a copy of the Second Amended Complaint within 30 days from the date of this Order.

4. If defendant Gunderson has not been served within 30 days of the date of this Order, defendant Gunderson shall be dismissed without prejudice.

5. Defendant Santini shall respond to the Amended Complaint in accordance with the applicable rules.

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff.


DATED: September 13, 2005                     s/ John R. Tunheim
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                               United States District Judge