# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CARLOS E. GUTIERREZ,<br><br>Plaintiff,<br><br>v.<br><br>JAMES S. GUNDERSON and<br>GEORGE SANTINI,<br><br>Defendants. | Civil No. 04-2627 (JRT/JSM)<br><br><br>**ORDER** |

> Barbara A. Zurek and Melissa Dosick Riethof, **MEAGHER & GEER**, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402, for defendant Gunderson.
>
> Mary J. Madigan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant Santini.

Carlos E. Gutierrez filed this prisoner civil rights lawsuit against James S. Gunderson, a contract dentist at the Federal Correctional Institution in Sandstone, Minnesota, and George Santini, the Clinical Director at the same institution, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. Gutierrez died shortly after defendants filed motions to dismiss the case, and the Court issued a stay to permit potential successors to the lawsuit to substitute themselves as parties. Gunderson and Santini filed motions to lift the stay and dismiss the case. For the reasons discussed below, the Court denies the motions without prejudice.

Federal Rule of Civil Procedure 25 sets forth the procedure when a plaintiff dies during a pending lawsuit. That rule provides that the plaintiff's "successors or representatives" may make a motion to substitute themselves as plaintiffs anytime within "90 days after the death is suggested upon the record by service of a statement of the fact of the death." Fed. R. Civ. P. 25. If no such motion is made within the 90 day period, "the action shall be dismissed as to the deceased party." Fed. R. Civ. P. 25.

The plaintiff in this case, Carlos Gutierrez, died on November 14, 2006. Defendants Gunderson and Santini filed suggestions of death with the Court on March 7, 2007, and March 9, 2007, respectively, and mailed notice of the suggestion of death and of the lawsuit to Gutierrez's next of kin, sons Carlos Gutierrez Jr. and Andrew Gutierrez, those same days. Those letters stated that the Court had ordered Gunderson and Santini to notify them of the lawsuit, that they could contact defense counsel if they had any questions, and that the suit would be dismissed if they did not substitute themselves as plaintiffs within 90 days of the date of the letter. After neither son acknowledged service within 20 days of the letters having been mailed, Gunderson had a notice of death personally served on each son on April 10, 2007. On May 30, 2007, Carlos Gutierrez Jr. and Andrew Gutierrez signed acknowledgment forms indicating that they had received a copy of the suggestion of death by mail. On that acknowledgment form Carlos volunteered his phone number even though there was no blank line for it, and he also wrote that he and his brother "are interested in pursuing this lawsuit." Andrew also volunteered his telephone number on the acknowledgment form that he signed.

Since that time the law firms have not initiated any further contact with either son and neither son contacted the law firms representing the defendants. The defendants instead filed motions to dismiss this case with prejudice based on the 90 day deadline expiring. They do not address in their motions, however, the facts that Carlos Gutierrez indicated on the acknowledgment form that he and his brother were interested in pursuing this lawsuit and that the brothers provided defense counsel with their phone numbers.

There is a strong preference for resolving claims "on their merits instead of on their pleadings," *see Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999), and courts are to give *pro se* litigants more latitude than represented parties. *See Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). The brothers indicated on the acknowledgment forms and prior to the 90 day deadline expiring that they would be interested in pursuing this lawsuit, and it is unclear from those filings whether the brothers intended on exercising their rights to proceed with the lawsuit originally brought by their father. Each brother volunteered a contact phone number for defense counsel to reach him, but no effort was made by defendants after that time to ascertain whether the brothers planned on pursuing the lawsuit. In light of the *pro se* communications by the brothers, the Court finds that defendants' motions to dismiss should not be granted at this time.

The Court instead orders defendants to serve a copy of this Order on the deceased plaintiff's next of kin. The defendants should also serve a letter informing the next of kin of the possibility they may proceed with this lawsuit. The letter should inform the next of kin that any such right they may have in this litigation will expire if they do not file with

this Court a motion to substitute themselves as plaintiffs within 45 days of receipt of the letter.  Upon notice by the defendants, this case will be dismissed with prejudice if the next of kin do not file a formal motion with the Court prior to that 45 day period expiring.

Based on the foregoing, all of the records, files and proceedings herein**, IT IS HEREBY ORDERED** that:

1.   Gunderson's motion to dismiss [Docket No. 75] and to lift the stay entered by this Court on February 5, 2007 [Docket No. 65] is **DENIED without prejudice**.

2.   Santini's motion to dismiss [Docket No. 80] and to lift the stay entered by this Court on February 5, 2007 [Docket No. 65] is **DENIED without prejudice**.

3.   Defendants are hereby **ORDERED** to follow the instructions set forth in this Court's order and serve on plaintiff's next of kin the documents described above.


DATED:   August 31, 2007                    s/ John R. Tunheim          _
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                               United States District Judge