# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CARLOS E. GUTIERREZ, | Civil No. 04-2627 (JRT/JSM) |
| Plaintiff, | |
| v. | |
| JAMES S. GUNDERSON and GEORGE SANTINI, | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| Defendants. | |

---

Barbara A. Zurek and Melissa Dosick Riethof, **MEAGHER & GEER**, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402, for defendant Gunderson.

Mary J. Madigan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants Gunderson and Santini.

Carlos E. Gutierrez filed this prisoner civil rights lawsuit against James S. Gunderson, a contract dentist at the Federal Correctional Institution in Sandstone, Minnesota, and George Santini, the Clinical Director at the same institution, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. Gutierrez died shortly after defendants filed motions to dismiss the case. The Court denied those motions to dismiss without prejudice, and issued a stay to permit potential successors to the lawsuit to substitute themselves as parties. The Court now lifts that stay, and dismisses this case without prejudice.

Rule 25 of the Federal Rules of Civil Procedure sets forth the procedure that applies when a plaintiff dies during a pending lawsuit. Rule 25 provides that the plaintiff's "successors or representatives" may make a motion to substitute themselves as plaintiffs anytime within "90 days after the death is suggested upon the record by service of a statement of the fact of the death." Fed. R. Civ. P. 25. If no such motion is made within the 90-day period, "the action shall be dismissed as to the deceased party." Fed. R. Civ. P. 25.

Defendants Gunderson and Santini filed suggestions of death with the Court on March 7, 2007, and March 9, 2007, respectively, and mailed notice of the suggestion of death and of the lawsuit to Gutierrez's next of kin, sons Carlos Gutierrez Jr. and Andrew Gutierrez, on those same days. Those letters stated that the Court had ordered Gunderson and Santini to notify them of the lawsuit, that they could contact defense counsel if they had any questions, and that the suit would be dismissed if they did not substitute themselves as plaintiffs within 90 days of the date of the letter. After neither son acknowledged service within 20 days of the letters having been mailed, Gunderson had each personally served on April 10, 2007. On May 30, 2007, Carlos Gutierrez Jr. and Andrew Gutierrez signed acknowledgment forms indicating that they had received a copy of the suggestion of death by mail. On that acknowledgment form Carlos volunteered his phone number even though there was no blank line for it, and he also wrote that he and his brother "are interested in pursuing this lawsuit." Andrew also volunteered his telephone number on the acknowledgment form that he signed.

The 90-day deadline expired without any further contact between the sons and the defendants' attorneys and without a formal motion by the sons to substitute themselves as plaintiffs.  The defendants filed motions to dismiss the case with prejudice.  In light of the sons' *pro se* communications expressing interest in continuing with the lawsuit, the Court concluded that it was inappropriate to dismiss the case, and ordered the defendants to send the sons an additional letter.  This letter informed the sons that they still had an opportunity to proceed with this lawsuit, and that if they failed to make a motion to substitute themselves as plaintiffs within forty-five days any rights they have in this litigation would expire.

Defendants now provide notice that it has been more than forty-five days since the attempted service of these letters and that neither son has filed a motion to substitute himself as a plaintiff.  Defendant Santini adds that three attempts to deliver these letters to the sons' last know address through Certified Mail were unsuccessful.  Defendants ask that the Court dismiss the case with prejudice.[1]  The Court agrees that the sons have had adequate opportunity to substitute themselves as plaintiffs, and that the requirements of Rule 25(a)(1) have been satisfied.  Dismissal of the case is appropriate.  However, the Court believes that a dismissal in these circumstances – which included the ambiguities and other difficulties in the communications with the sons, and the lack of an adjudication on the merits – should be without prejudice.  *Cf. Ahmed v. United States*, 147 F.3d 791, 797 (8th Cir. 1998) (noting that dismissal for lack of subject matter

---

[1] The Court interprets the letters from Gunderson and Santini providing this notice [Docket Nos. 88 and 89] as motions to dismiss.

jurisdiction must be without prejudice because it does not involve an adjudication on the merits).

Based on the foregoing, all of the records, files and proceedings herein**, IT IS HEREBY ORDERED** that:

1. The stay entered by this Court on February 25, 2007 [Docket No. 65] is **LIFTED**.

2. Defendant Gunderson's motion to dismiss [Docket No. 88] is **GRANTED**.

3. Defendant Santini's motion to dismiss [Docket No. 89] is **GRANTED**.

4. This case is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 16, 2008                   s/ John R. Tunheim  
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM  
                                                          United States District Judge